Per Curiam.

The defendant has been adjudged guilty of contempt of court for failure to pay certain “ arrears ” of alimony. He was fined the sum of $3,758.07 with leave to purge himself of the contempt by payments of $100 weeldy. The “ arrears ” were an amount which became due in a lump sum because of the provisions of a certain order of reference as to defendant’s finances entered after a trial, which order provided that the obligation to pay such alimony as might be fixed in the judgment be retroactive to the date of the order of reference. Defendant had been paying $50 weekly pendente lite. He says he increased these payments to $70 weekly from the date of the order of reference.
The judgment, based on the Referee’s findings, fixed $750 a month as permanent alimony. Defendant has been paying $173 weekly currently to meet the obligation imposed by the judgment. He has been endeavoring to perfect an appeal from the judgment. In opposition to the motion to punish for contempt defendant asserted under oath that he had no available moneys or income to pay the arrears; that the gross income from his business had been reduced to one third of what it was at the time of the reference and the business is operating at a loss; that he had no capital in the business and was unable to pay Ms current living expenses because of the requirement to pay the permanent alimony. The plaintiff offered no proof to contradict these claims and no further reference was had as to any change in financial circumstances.
We find that this record establishes, prima facie, defendant’s inability to pay the arrears as a defense to the proceeding to punish him for contempt (Civ. Prac. Act, § 1172-a, subd. 3), and that there was insufficient proof that his failure to pay the $3,758.07 was contumacious. In addition, there appears to be a possible error in the computation of the arrears as defendant appears to have been credited with only $50 weeMy whereas he says he was paying $70 weekly during the period when the arrears accrued.
The order is reversed and the motion denied, without prejudice to a renewal thereof in the event (1) that defendant fails to pay at least $25 weekly on *900 account of the arrears in addition to current alimony as fixed by the judgment, or (2) plaintiff can hereafter establish defendant’s ability to pay a larger amount on account of the arrears.
Peek, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed and the motion denied. Settle order on notice.